FILED
SUPERIOR COURT
OF GUAM

2022 JUN -6 PM 4: 56

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>SPENCER LEVAR ROSS,<br><br>Defendant. | Case No. CM0115-22<br><br>**DECISION AND ORDER**<br>**(Finding Defendant Competent to Stand Trial)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on May 12, 2022, for a Competency Hearing. Assistant Public Defender Stephen Hattori appeared for Spencer Levar Ross ("Defendant"). Assistant Attorney General Jeremiah Luther appeared for the People of Guam ("People"). Having considered the Defendant's Forensic Evaluation, the parties' oral arguments, and the applicable law, the Court now issues the following Decision and Order and **finds Defendant competent to stand trial.**

## BACKGROUND

On April 8, 2022, Defendant was arrested and charged with the following: (1) Child Abuse (As a Misdemeanor); (2) Unlawful Restraint (As a Misdemeanor); (3) Criminal Trespass (As a Misdemeanor); (4) Criminal Trespass (As a Petty Misdemeanor); and (5) Harassment (As a Petty Misdemeanor). Mag. Complaint, Apr. 8, 2022. Police records indicate Defendant committed multiple disturbances before being apprehended by police. *Id.* On April

15, 2022, Defendant pled Not Guilty by Reason of Mental Illness, Disease, or Defect. Minute Entry, Apr. 15, 2022. Pursuant to 9 GCA § 7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. Order for Forensic Evaluation, Apr. 15, 2022. On May 3, 2022, Defendant underwent his forensic evaluation with Dr. Juan Rapadas, an expert clinical psychologist at CSFC. Forensic Evaluation at 2, May 4, 2022. The Court held a hearing on May 12, 2022, to determine Defendant's competency to stand trial. After hearing the arguments of the parties, the Court found Defendant competent to stand trial.

## DISCUSSION

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness . . . he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 GCA § 7.37(a)(1)–(4).

Dr. Rapadas stated in his forensic evaluation "[t]aken all data in total, like in his last forensic exam, in my opinion, Mr. Ross is currently competent to be proceeded against and to be sentenced." Forensic Evaluation at 7. Dr. Rapadas also stated "[s]o for Mr. Ross, it is my current opinion that he did not lack substantial capacity to know and understand his behaviors, that his conduct was wrongful, and to control his actions at the time of the alleged crimes." *Id.* at 8. Defendant agrees with Dr. Rapadas's statement and does not contest his findings. Digital Recording at 3:37:52 (Mot. H'rg. May 12, 2022). Accordingly, the Court finds Defendant competent to stand trial.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

For the above reasons, the Court makes the following findings of fact and conclusions of law:

- Defendant does possess the mental competency "(1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 GCA § 7.37(a)(1)–(4).
- Defendant is currently competent to stand trial.
- Defendant can make any diminished capacity defense he may have at trial.

SO ORDERED, this _____ day of _____ **JUN 0 6 2022**, 2022.



_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam